IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NURSA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OPTIMA CARE JERSEY CITY LLC<br>dba OPTIMA CARE HARBORVIEW; and<br>DOES I–X,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00843-RJS-JCB<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Now before the court is Defendant Optima Care Jersey City LLC dba Optima Care Harborview's (Optima) Rule 56(d) Motion to defer ruling on Plaintiff Nursa, Inc.'s Motion for Summary Judgment[1] and Optima's counsel's Motion to Withdraw as Counsel.[2]  For the reasons discussed below, the court GRANTS the Motion to Withdraw and DENIES the Motion to Defer.

## BACKGROUND

Nursa is a Utah software company that connects healthcare facilities with healthcare workers operating as independent contractors.[3]  Optima is a limited liability company that operates a healthcare facility in New Jersey.[4]  On November 8, 2024, Nursa filed the Complaint against Optima, alleging Optima failed to pay Nursa for contracted services it provided.[5]  On

---

[1] Dkt. 42, *Defendant Optima Care Jersey City, LLC, dba Optima Care Harborview's Rule 56(f) Motion* (*Motion to Defer*) (requesting the court defer ruling on Dkt. 30, *Motion for Summary Judgment*, which remains pending before the court).

[2] Dkt. 71, *Motion to Withdraw as Counsel* (*Motion to Withdraw*).

[3] Dkt. 1, *Complaint* ¶¶ 4, 8.

[4] *Id.* ¶ 5.

[5] *Id.* ¶¶ 45–50.

1

March 3, 2025, the court issued a Scheduling Order for fact discovery to end on November 17, 2025.[6]  The deadline was later extended to December 19, 2025.[7]

On October 28, 2025, Plaintiff filed the Motion for Summary Judgment.[8]  Optima did not file a response to the Motion for Summary Judgment, but instead filed on December 5, 2026 a Rule 56(d) Motion requesting the court defer ruling on Nursa's Motion for Summary Judgment.[9] On December 20, 2025, Optima filed a Motion for Leave to File a Third Party Complaint against Healthcare Staffing & Consulting, LLC (HSC), and a Motion for Amended Scheduling Order to further postpone discovery deadlines.[10]  While awaiting resolution of the pending motions, Optima's counsel filed the Motion to Withdraw on March 21, 2026.[11]

On April 2, 2026, the court issued a Memorandum Decision and Order denying the Motion to Amend Scheduling Order and the Motion for Leave to File a Third Party Complaint.[12] The court found Optima exercised a lack of diligence in pursuing discovery, and therefore lacked good cause to amend the discovery schedule.[13]  The court also found Optima's Motion for Leave to File a Third Party Complaint was untimely.[14]  Additionally, the court sanctioned Nursa for failing to produce discovery material as ordered.[15]

---

[6] Dkt. 24, *Scheduling Order* at 7.

[7] Dkt. 31, *Amended Scheduling Order* at 6.

[8] *Motion for Summary Judgment*.

[9] *Motion to Defer*.

[10] Dkt. 48, *Motion for Leave to File Third Party Complaint*; Dkt. 49, *Motion to Amend Corrected Amended Scheduling Order* (*Motion to Amend Scheduling Order*).

[11] *Motion to Withdraw* at 3.

[12] Dkt. 74, *Memorandum Decision and Order*.

[13] *Id.* at 8.

[14] *Id.* at 5–6.

[15] *Id.* at 12.

The court now considers the Motion to Withdraw and the Motion to Defer.  Both Motions are fully briefed and ripe for review.[16]

**ANALYSIS**

## I.    Motion to Withdraw

The court first considers defense counsel's Motion to Withdraw.  The Motion is unopposed.[17]  DUCivR 83-1.4(b) requires an attorney seeking to withdraw as counsel for a client who is otherwise not represented to provide the court with "the reason for withdrawal" and "a statement of whether the party does or does not consent to the withdrawal."[18]  An "attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court . . . ."[19] Though the Tenth Circuit has not established factors to consider when analyzing a motion to withdraw as counsel, this court has previously identified a common set of factors generally used by other districts in assessing such motions, including "1) undue delay; 2) prejudice to any party; 3) financial burden on counsel; 4) the state of the attorney-client relationship; and 5) general interests of justice."[20]

Here, counsel Debra Handley and Heidi Goebel of Goebel Anderson PC move to withdraw as counsel for Optima.[21]  Handley and Goebel are the only counsel of record for

---

[16] *See* Dkt. 73, *Plaintiff's Conditional Objection to Motion to Withdraw as Counsel* (*Conditional Objection*); Dkt. 75, *Reply Memorandum Supporting Motion to Withdraw as Counsel*; Dkt. 51, *Nursa's Opposition to Defendant's Rule 56(d) Motion* (*Opposition to Motion to Defer*). Optima has not filed a reply in support of its Motion to Defer, and the time by which a reply was due has passed. *See* DUCivR 7-1(a)(4)(D).

[17] Nursa filed a conditional opposition, requesting the court not decide the Motion to Withdraw until other pending motions were resolved.  *Conditional Objection* at 1 ("Nursa does not object to Counsel's withdrawal once all the motions have been ruled upon (with the exception of Nursa's motion for summary judgment, which has not been fully briefed).").  The motions that Nursa's opposition was predicated on have been resolved or are resolved herein. Accordingly, the court treats the Motion to Withdraw as unopposed.

[18] DUCivR 83-1.4(b)(2)(A), (C).

[19] *Abell v. Babbitt*, No. 98-2315, 1999 WL 215403, at *2 (10th Cir. Apr. 14, 1999) (unpublished).

[20] *Taylor v. Nat'l Collegiate Student Loan Tr. 2007-1*, No. 2:19-cv-00120-BSJ, 2020 WL 9255406, at *3 (D. Utah Jun. 29, 2020) (unpublished) (collecting cases).

[21] *Motion to Withdraw* at 1.

Optima.[22]  Their client Optima has not consented to withdrawal.[23]  Counsel represents Optima

"has been unable to meet their obligations to the undersigned by cooperating and assisting the

undersigned to timely respond to discovery and produce requested documents," though counsel

maintains Optima had not done so intentionally or defiantly.[24]  This is consistent with the court's

previous finding that Optima failed to produce the discovery material as ordered.[25]

Under the relevant factors, the court finds withdrawal appropriate.  Because the court has

resolved all outstanding motions other than the Motion for Summary Judgment, undue delay

from the withdrawal is not expected.  Neither party is prejudiced by granting the Motion to

Withdraw.  Nursa does not oppose the Motion,[26] and Optima's future counsel will have adequate

time to prepare an opposition to the pending Motion for Summary Judgment.  No concerns have

been raised regarding the financial burden on counsel.[27]  And the difficulty with which Optima

has struggled to fulfill its obligations to counsel indicates the state of the attorney-client

relationship favors withdrawal.[28]  Considering these factors, the court finds good cause and

grants the Motion to Withdraw.

---

[22] *See generally Docket.*

[23] *Motion to Withdraw* at 6.

[24] *Id.* at 3.

[25] *Memorandum Decision and Order* at 12.

[26] *See Conditional Objection.*

[27] *See generally Motion to Withdraw.*

[28] The court also finds Utah Rules of Professional Conduct persuasive for this factor.  Rule 3-1.16 provides, "an attorney may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." *Utah Rules of Prof'l Conduct* r. 3-1.16(b)(5).  Based on the motion's representations, withdrawal is also permissible under this rule.  *See Motion to Withdraw*.

## II.    Motion to Defer

The court next considers Optima's Motion to Defer Plaintiff's Motion for Summary Judgment.[29]  Nursa opposes the Motion.[30]  Federal Rule of Civil Procedure 56(d) provides, "if a nonmovant shows . . . it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it."[31]  The moving party must "provide an affidavit explaining why facts precluding summary judgment cannot be presented."[32]  The affidavit must include "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment."[33]

Optima asks the court to defer ruling on the Motion for Summary Judgment.[34]  Optima asserts it "has not had sufficient time to conduct discovery that is essential to its opposition to the motion."[35]  As the Motion explains, additional time is necessary to depose two Nursa employees (their depositions were scheduled for December 19, 2025, the last day of fact discovery), to depose Nursa's corporate representative, and to file a third party complaint against HSC.[36]  Nursa opposes the Motion to Defer on the grounds that the facts Optima seeks were never unavailable, and that Optima failed to seek discovery at the outset of litigation.[37]

---

[29] *Motion to Defer.*

[30] *Opposition to Motion to Defer.*

[31] Fed. R. Civ. P. 56(d)(1).

[32] *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quotation modified).

[33] *Id.*

[34] *Motion to Defer*.

[35] *Id.* at 1.

[36] *Id.* at 2.

[37] *Opposition to Motion to Defer* at 3.

The court is unpersuaded by each of Optima's reasons for deferral. First, as Nursa points out, Optima had from April to December to pursue discovery,[38] yet it waited until the last day before the fact discovery deadline to schedule depositions of the two Nursa employees.[39] Optima's lack of diligence in pursuing discovery does not justify delay to provide Optima additional time to review the deposition testimonies. Further, it has been four months since the depositions, which is ample time to analyze any new evidence gathered.

Second, the court already denied Optima's Motion to Amend the Scheduling Order and Motion for Leave to File a Third-Party Complaint.[40] Discovery is now closed.[41] Accordingly, Optima's stated reasons for deferring review of the Motion for Summary Judgment so it may depose Nursa's corporate representative and file a third-party complaint against HSC are no longer applicable.

Because Optima fails to provide adequate reason to defer the Motion for Summary Judgment, the Motion to Defer is DENIED.

## CONCLUSION

For the foregoing reasons, the Motion to Withdraw[42] is GRANTED, and the Motion to Defer[43] is DENIED.

IT IS HEREBY ORDERED that Heidi Goebel, Debra Griffiths Handley, and the law firm Goebel Anderson PC may withdraw as counsel of record for Defendant, and that the firm's withdrawal shall be docketed. Proceedings are stayed for 21 days for Optima to secure new

---

[38] *See Amended Scheduling Order* at 6; *Scheduling Order* at 7.

[39] *See Motion to Defer* at 5.

[40] *Memorandum Decision and Order* at 6–9.

[41] *See Amended Scheduling Order* at 6.

[42] Dkt. 71.

[43] Dkt. 42.

counsel and to enter an appearance in this matter.[44]  Because Optima is an artificial entity which requires attorney representation under Utah law, an attorney must file a notice of appearance on its behalf within this time.[45]  Failure to file a notice of appearance as required may subject Optima to sanctions under local rules of practice and Federal Rule of Civil Procedure 16(f)(1), including entry of a default judgment.[46]  Within 28 days of the stay being lifted, Optima must file a response to Nursa's pending Motion for Summary Judgment.

        SO ORDERED this 13th day of May, 2026.

                BY THE COURT:

                _____
                ROBERT J. SHELBY
                United States District Judge

---

[44] *See* DUCivR 83-1.4(c)(1).

[45] DUCivR 83-1.4(c)(2)(B).

[46] *Id.* 83-1.4(d).